[No. S014196. Dec. 3, 1990.]

DAVID SMITH BATES, Petitioner, v.
THE STATE BAR OF CALIFORNIA, Respondent.

## COUNSEL

David A. Clare for Petitioner.

Diane C. Yu, Truitt A. Richey, Jr., Major Williams, Jr., and Ann M. Finneran for Respondent.

## OPINION

**THE COURT.**—The Review Department of the State Bar Court recommends that petitioner David Smith Bates be suspended from the practice of

law for three years as discipline for willful misappropriation of client funds, and that execution of his suspension be stayed subject to certain conditions including actual suspension for six months. (Four members of the department voted to impose a one-year or longer actual suspension.) The discipline is the same as recommended by a State Bar referee. Petitioner does not dispute the State Bar's factual findings but contends the discipline is excessive in light of mitigating factors. We reject the contention. A six-month actual suspension is the minimum period necessary to protect the public.

## FACTS

Shahriar Sarkeshik (Sarkeshik) hired petitioner in August 1983 to represent Sarkeshik in a personal injury action. In May 1985 Sarkeshik endorsed and delivered to petitioner an insurance company medical expenses draft payable to Sarkeshik in the amount of $2,000. Petitioner deposited the $2,000 into his client trust account. Petitioner represented that from the total he would deduct costs of $370.25 and a fee of $400 and that he would pay the balance of $1,229.75 to Sarkeshik as soon as the draft cleared the bank.

Petitioner, however, failed to disburse to Sarkeshik any portion of the $1,229.75 balance owed to him. Between June 5, 1985, and October 31, 1985, petitioner withdrew $1,182.34 from his trust account. Petitioner admits he willfully misappropriated $700.60 from the account. He also wrote checks for an additional $529.15. Some of the checks were payable to himself. Others were payable to third parties. At the hearing before the referee, petitioner contended he used the $529.15 to reimburse himself for costs incurred on behalf of Sarkeshik. Petitioner admitted, however, that except for his own notations on some of these checks, he had no records to substantiate his contention. He now accepts the referee's finding that, regardless of whether the $529.15 was for reimbursement, it was misappropriated because petitioner had no authority to reimburse himself.[1]

Sarkeshik discharged petitioner in October or November 1985. A dispute then arose as to whether petitioner was entitled to a share of the proceeds of a settlement that was reached in the personal injury action after petitioner's discharge. (Petitioner's retainer agreement with Sarkeshik provided that, if Sarkeshik terminated the attorney-client relationship before conclusion of the action, he would pay petitioner $50 per hour for his services rendered

---

[1] On October 31, 1985, the trust account had a balance of $47.41 attributable solely to Sarkeshik. According to petitioner's figures, however, he wrote checks totalling the full $2,000—$770.25 as authorized, $700.60 willfully misappropriated, and $529.15 in purported reimbursements. The referee did not find the discrepancy to be important, and neither petitioner nor the State Bar raises it in this court.

before the termination.) In 1986 petitioner represented to Sarkeshik's new attorney that the $2,000 insurance payment previously received was still in petitioner's client trust account "pending disposition of this [fee] dispute." This representation was false in light of petitioner's prior misappropriation of approximately $1,200 from the account.

The referee concluded that: (1) petitioner's misappropriation of client funds violated former rules 8-101(A)(2) and 8-101(B)(4) of the Rules of Professional Conduct of the State Bar of California (adopted by this court on December 31, 1974; all further rule references are to the Rules of Professional Conduct unless otherwise stated) and Business and Professions Code section 6106; (2) petitioner's misrepresentation to Sarkeshik's new attorney regarding the status of the trust account was an act of dishonesty and moral turpitude in violation of Business and Professions Code section 6106; and (3) petitioner's misappropriation and misrepresentation were breaches of his duty to support the Constitutions and laws of the United States and California and were therefore violations of Business and Professions Code sections 6068, subdivision (a), and 6103.

The State Bar's notice to show cause alleged other misconduct in connection with the Sarkeshik matter, primarily misrepresentations to the new counsel and to a State Bar investigator. The referee found those allegations not to be supported by clear and convincing evidence, and they are no longer at issue.

The referee recommended that petitioner be suspended from the practice of law for three years but that his suspension be stayed subject to conditions including an actual suspension of six months. The review department adopted the referee's findings and conclusions in their entirety.

## DISCUSSION

Petitioner makes only two contentions in this court. First, although he admits his misappropriation and misrepresentation, he contends they were not a violation of Business and Professions Code sections 6068, subdivision (a), and 6103. (All further section references are to the Business and Professions Code unless otherwise stated.) Second, he contends the recommended discipline is excessive and that no period of actual suspension is warranted.

### 1. *Scope of section 6068*

Because petitioner admits his misconduct violated former rule 8-101 and section 6106, the appropriate discipline does not depend on whether multiple labels can be attached to the misconduct, in particular, whether petition-

er's misconduct also violated sections 6068, subdivision (a), and 6103. The State Bar agrees but states its uncertainty as to whether a violation of the Rules of Professional Conduct is necessarily also a violation of section 6068, subdivision (a), which states that attorneys have a duty "To support the Constitution and *laws of* the United States and *of this state*." (Italics added.) The precise question is whether the Rules of Professional Conduct are "laws of this state" within the meaning of section 6068, subdivision (a). We have previously suggested that the rules are not incorporated into section 6068. (*Baker* v. *State Bar* (1989) 49 Cal.3d 804, 814-815 [263 Cal.Rptr. 798, 781 P.2d 1344]; *Slavkin* v. *State Bar* (1989) 49 Cal.3d 894, 903 [264 Cal.Rptr. 131, 782 P.2d 270].) Because the discipline in this case does not depend on whether the misconduct violated *both* the rules and section 6068, we need not definitively answer this question. Indeed, the State Bar's agreement that the question is moot as a practical matter indicates that little, if any, purpose is served by duplicative allegations of misconduct. ■ If, as in this case, misconduct violates a specific Rule of Professional Conduct, there is no need for the State Bar to allege the same misconduct as a violation of sections 6068, subdivision (a), and 6103.

## 2. *The proper discipline*

■ "In attorney discipline matters, we exercise our independent judgment in determining appropriate discipline . . . . But we accord great weight to the recommendations of the review department." (*Howard* v. *State Bar* (1990) 51 Cal.3d 215, 220-221 [270 Cal.Rptr. 856, 793 P.2d 62].) ■ We agree with the department that a six-month actual suspension is necessary to protect the public. Petitioner admits *willful* misappropriation in violation of former rule 8-101. (The substance of former rule 8-101 is contained in current rule 4-100.) The Standards for Attorney Sanctions for Professional Misconduct (hereafter standards) provide that the discipline shall be disbarment unless the amount misappropriated is insignificant or if the "most compelling mitigating circumstances clearly predominate." (Standards, Rules Proc. of State Bar, div. V, std. 2.2(a).) Under those circumstances, "[T]he discipline shall not be less than a one-year actual suspension, *irrespective of mitigating circumstances*." (Std. 2.2(a), italics added.) The State Bar recommends only a six-month actual suspension, only one-half of the length specified in the standards. Petitioner, however, contends even this mild sanction is too severe. We are not persuaded.

" 'Misappropriation of a client's property is a gross violation of general morality likely to undermine public confidence in the legal profession and therefore merits severe punishment.' " (*Greenbaum* v. *State Bar* (1976) 15 Cal.3d 893, 905 [126 Cal.Rptr. 785, 544 P.2d 921], quoting *Yokozeki* v. *State Bar* (1974) 11 Cal.3d 436, 450 [113 Cal.Rptr. 602, 521 P.2d 858].)

Petitioner's misconduct was especially harmful to his client because the misappropriated funds were significant in amount and were meant to reimburse the client for personal injuries.

Similarly egregious was petitioner's refusal to make restitution of the misappropriated funds until *after* the State Bar referee issued his decision. His stated reason for the delay in returning the money was that, "I'm waiting for my lawyer to tell me what to do with it." This view shows that, even well into these disciplinary proceedings, petitioner failed to appreciate or even to acknowledge his moral and ethical obligations to his former client. The referee concluded petitioner was concerned only about the effect of his misconduct on his own reputation, and that he had no remorse for the harm to the client.

Petitioner also admits he violated section 6106 by misrepresenting to the client's new attorney the status of the client's trust funds. Petitioner attempts to justify his deception (or suggest it was mitigated) by contending it occurred in the course of "heated exchanges between counsel." This contention reflects petitioner's continuing failure to comprehend that his obligation to act ethically does not depend on his mood, e.g., the animosity that often arises between opposing counsel in litigation. Deception is deception, regardless of the circumstances. The Rules of Professional Conduct are just that—(1) rules (2) to be scrupulously embraced (3) without exception.

The only arguably "mitigating" factor of any significance was petitioner's alcoholism at the time of his misappropriations. Indeed, this appears to have been the State Bar's sole reason for recommending a mere six-month actual suspension.[2] Alcoholism is not "per se, a 'mitigating' factor." (*Slavkin* v. *State Bar, supra*, 49 Cal.3d 894, 904.) Because we give great weight, however, to the review department's findings, we defer in this case to its determination that petitioner's alcoholism was mitigating. We also defer to the finding that petitioner met his burden of establishing "by clear and convincing evidence, that his or her addictions are 'permanently under control.'" (*Id.*, at p. 905.) Numerous witnesses who know petitioner well testified as to his commendable and successful efforts to rehabilitate himself, including intensive, lengthy, and continuing participation in Alcoholics Anonymous. He has not drunk alcohol since January 1986—almost five years ago.

---

[2] We cannot, however, be certain why the State Bar declined to impose the one-year actual suspension specified in standard 2.2(a). We repeat our recent suggestion that, "[I]t would be *most helpful* to this court, and perhaps to the member being disciplined, for the State Bar to make clear the reasons for its departure from its own Standards." (*Blair* v. *State Bar* (1989) 49 Cal.3d 762, 776, fn. 5 [263 Cal.Rptr. 641, 781 P.2d 933], italics added.)

We also note that: (1) Petitioner practiced law in this state for 14 years without any reported misconduct until the instance giving rise to this proceeding (std. 1.2(e)(i)); and (2) there was testimony that petitioner had a reputation in the legal community for competence and integrity (std. 1.2(e)(vi)).

## DISPOSITION

Petitioner David Smith Bates is suspended from the practice of law in the State of California for three years from the date this decision is final. The suspension shall be stayed subject to the terms and conditions set forth in the referee's decision (as adopted by the review department), including an actual suspension of six months and supervised probation.

We adopt as additional conditions of petitioner's probation the referee's recommendations that: (1) petitioner must pass the Professional Responsibility Examination within one year of the effective date of our decision; and (2) petitioner must comply with rule 955 of the California Rules of Court.

This order is effective upon finality of this decision in this court. (See Cal. Rules of Court, rule 953(a).)